IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY )<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>1. CLOVER MEREDITH,   )<br>)<br>Defendant.   ) | Case No. CIV 22-373-JAR |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), by undersigned counsel, and hereby seeks declaratory judgment pursuant to 28 U.S.C. § 2201 et seq., determining the rights and liabilities of the parties under a homeowner's insurance policy as more fully set forth herein.

### I.   PARTIES AND JURISDICTION

1.   Plaintiff Allstate is an Illinois corporation with the principal place of business in Northbrook, Illinois.

2.   The Defendant, Clover Meredith, is a resident and citizen of Carter County, in the State of Oklahoma.

3.   This action concerns a House & Home Policy ("Policy") issued by Allstate insuring a dwelling and its contents located in Carter County, Oklahoma. The occurrence giving rise to the Defendant's claim for coverage under the Policy arose in Carter County, Oklahoma. All of the events, omissions and circumstances giving rise to this claim occurred within this judicial district and this Court has jurisdiction pursuant to 28 U.S.C. §1332, in that the parties are residents and citizens of different States, and the amount in controversy exceeds the sum of

$75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## II.  FACTS

4. On July 3, 2022, Defendant submitted an electronic application for the Policy to Allstate. In reliance upon the accuracy of her representations in the application, Allstate issued the Policy effective July 4, 2022, and designated number 831830292, providing insurance for dwelling and contents located at 820 Third St., Healdton, Oklahoma. (Policy, Exhibit 1).

5. Three weeks later on July 21, 2022, while the Policy was still in its underwriting review, a fire totally destroyed the insured dwelling, a manufactured mobile home. Defendant reported the fire to Allstate, and Allstate opened a claim and began an investigation.

6. Allstate's claim investigation included an on-site inspection and investigation conducted by National Loss Consultants ("NLC") on or about August 16, 2022. The investigation included an interview with the Defendant who said that she did not live in the home and there was no furniture or appliances in the home. The on-site investigation was unable to locate any remnants, debris or physical evidence at the scene which would indicate the presence of personal property inside the mobile home at the time of the fire.

7. Nonetheless, on or about August 22, 2022, Defendant submitted her sworn statement and proof of loss to Allstate. Defendant claimed damages for an "estimated $70,000.00 personal property" and "estimated $120,000.00 home". The proof of loss was signed and notarized under penalty of perjury. (Sworn Statement in Proof of Loss, Exhibit 2).

8. On October 14, 2022, Allstate conducted an examination under oath of Defendant. During her examination under oath, Defendant reaffirmed her proof of loss, including her claim of "estimated $70,000.00 in personal Property".

9. At the time of her examination under oath, Defendant submitted a Contents List of personal property. Defendant confirmed in her testimony that the Contents List included the personal property that was destroyed in the fire. (Contests List, Exhibit 3). Subsequently, Defendant supplemented her Contents List with additional items of personal property. The Contents List and two supplemental lists include home furnishing items, home appliance items and personal property items with total cost of approximately $58,000.00. All of the items, with the exception of a set of antique quilts, had been purchased within one year of the fire.

10. A Fire Consultant from NLC has confirmed that there was no physical evidence of the items listed on the Contents List at the fire scene and that detectable remnants would have been present had the items been in the home at the time of the fire. For example, furniture would have left metal springs, metal frame parts, miscellaneous hardware, supports, nuts, bolts, braces, and/or hinges. All appliances would have left metallic parts and electrical wire. Ceramics would have remained. Glassware would have been detectable. Kitchen appliances like a crock pot, electric mixer, electric meatgrinder, etc., would leave observable metallic and wire debris after the fire. Even collections of clothes, towels, or bedspreads leave detectable remnants. The complete absence of such physical evidence at the fire scene is inconsistent with the list of personal property that Defendant submitted to Allstate.

11. The Policy included coverage for additional living expenses incurred as a result of a covered loss. In the course of the Allstate claim investigation, Allstate made advance payments to Defendant under this provision of the Policy. Upon receipt of proceeds for additional living expenses, Defendant executed an Advance Payment Agreement which includes a provision that should the Policy or the claim not be valid, Defendant would repay all advances to Allstate. (Advance Payment Agreement, Exhibit 4).

12. In her examination under oath, Defendant testified that her sole source of income was social security disability payments. She explained that she was able to acquire the items included in her personal property claim because of gifts from an elderly aunt in the state of Washington who suffers from dementia. As part of its investigation therefore, Allstate requested the following:

> . . . 9. Any and all documents reflecting the purchase of the personal property destroyed in the fire including invoices, bills, receipts, credit card statements, loans, financing, bank statements, manuals, warranties, etc.
>
> 10. Any document reflecting a gift of any item on your Contents List including receipts, invoices, shipping documents, letters, emails, confirmations, bank transactions, wire transfer documents, bank statements, case transfer, etc." (Allstate letter dated October 28, 2022, Exhibit 5).

However, Defendant produced no documentation in response to these requests:

13. Allstate's House & Home Policy includes the following provision:

> **Concealment, fraud.**
>
> This entire policy shall be void if, whether before or after loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto. (Policy Endorsement, Standard Fire Policy Provisions – AVP2).
>
> In addition, the Policy includes the following conditions of coverage:
>
> **Section I Conditions**
>
> \*\*\*
>
> 3. **What You Must Do After A Loss.**
>    In the event of a loss to any property that may be covered by this policy, **you** must:
>
>    \*\*\*
>
>    d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies which **we** may reasonably request to examine and permit us to make copies.

14. A justiciable controversy now exists between Allstate and Defendant concerning whether the Defendant is entitled to any payment on her claims or whether the claims she has submitted are willfully false and falsely inflated so as to void coverage under the Policy altogether, thereby negating her right to recover any benefits under the Policy and requiring Defendant to return all proceeds Allstate has paid under the additional living expense provisions of the Policy.

## CLAIM FOR DECLARATORY RELIEF

15. Consistent with the requirements of Oklahoma Stat. tit. 36 §4803, the Policy issued by Allstate to Defendant contains a condition that it would be void if, before or after a loss, any insured willfully concealed or misrepresented a material fact or circumstance that related to insurance or the insured's interest therein, or committed fraud of false swearing with regard to the insurance or the subject thereof. (Policy Endorsement, Standard Fire Policy Provisions –AVP2, Exhibit 1).

16. Defendant has sworn under penalty of perjury to a personal property loss of approximately $70,000.00. She has affirmed her personal property loss by her sworn testimony in her examination under oath. She has presented no documentation to corroborate the existence of her personal property loss. Allstate's investigation has been unable to corroborate the existence of the personal property claim by the Defendant. There was a total absence of physical evidence that would have been present at the fire scene had the Defendant's furniture, appliances, kitchen appliances and personal property been destroyed in the fire.

17. The Defendant's sworn proof of loss is a misrepresentation and false swearing. The Defendant's examination under oath regarding her Contents List personal property loss is a falsely sworn statement and misrepresentation. By refusing to provide documents important to

the claim and requested by Allstate, Defendant impeded the investigation that would establish other probable misrepresentations and falsities.

18. Defendant's submission of a falsified list of personal property is a willful misrepresentation. The intentional representations and false swearings by the Defendant entitle Allstate to voidance of the Policy, to an order that Defendant is not entitled to any recovery under the Policy and an order that the Defendant is required to return to Allstate all amounts previously paid for additional living expenses.

**WHEREFORE,** premises considered, Allstate Vehicle and Property Insurance Company requests the Court render judgment and declare: (1) all coverages under the Policy issued to the Defendant are void and have no effect; (2) that Allstate owes no obligation whatsoever to the Defendant under the Policy; and (3) that Defendant must return to Allstate all insurance proceeds advanced and paid to the Defendant. Allstate further requests it be granted attorney's fees and costs in the prosecution of this action and other relief this Court deems just and equitable.

Respectfully submitted,

**ATKINSON, BRITTINGHAM,
GLADD, FIASCO & EDMONDS**
A Professional Corporation

 /s/ Galen L. Brittingham
Galen L. Brittingham, OBA #12226
James N. Edmonds, OBA #15757
K. Clark Phipps, OBA #11960
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
gbrittingham@abg-oklaw.com
jedmonds@abg-oklaw.com
cphipps@abg-oklaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>21st</u> day of December, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Clover Meredith
6445 Santa Fe Road
Wilson, Oklahoma 73463
*Pro Se Defendant*

                <u>/s/ Galen L. Brittingham</u>

S:\Files\359\478\Complaint-djs.docx