IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-22-373-JAR |
| CLOVER MEREDITH | ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF K. CLARK PHIPPS

I, K. Clark Phipps, being of lawful age, being first duly sworn, state as follows:

1. I am counsel of record for Plaintiff, Allstate Vehicle and Property Insurance Company, in the above-named action. The purpose of this Affidavit is to comply with 12 O.S. § 2004(C)(3)(a), for service by publication on Defendant, Clover Meredith. Pursuant to 12 O.S. § 2004(C)(3)(a), service of summons by publication may be made upon verification by counsel for the plaintiff "that with due diligence service cannot be made upon defendant by any other method." *Id.*

2. This action involves a House & Home Policy ("Policy") issued by Allstate Vehicle and Property Insurance Company ("Allstate") on July 4, 2022, insuring a dwelling and its contents, located in Healdton, Carter County, Oklahoma. Less than three (3) weeks after the Policy was issued an unexplained fire totally destroyed the insured dwelling, a manufactured mobile home. Defendant reported the fire to Allstate, and Allstate opened a claim and conducted an investigation.



EXHIBIT 1

1

3. As part of her claim, Defendant submitted a Sworn Statement in Proof of loss to Allstate claiming damages for an "estimated $70,000.00 for personal property" and an "estimated $120,000.00 for the home.".

4. Allstate's claim investigation revealed that Defendant was not present in the mobile home when the fire occurred but was staying at a house owned by her daughter located at 822 6th Street, Wilson, Oklahoma. During her Examination Under Oath, Defendant testified that she could not remain at the 822 6th Street house because it had been rented to someone else. She swore that she was homeless. Over the course of the claim, Allstate advanced thousands of dollars as additional living expenses claimed by the Defendant as the cost to rent a place to live during the investigation.

5. Based upon its investigation, Allstate concluded that Defendant had made intentional and material misrepresentation in violation of the Policy. Allstate also concluded that the Defendant had refused to provide documents requested by Allstate and necessary to its claim investigation. As a result, Allstate denied the claim by letter sent to Defendant explaining the basis for its decision. On December 21, 2022, Allstate filed this Complaint for Declaratory Judgment against Defendant.

6. Following the issuance of Summons, Plaintiff has made exhaustive efforts to complete service of process upon the Defendant without success. It is apparent that the Defendant is purposefully evading service.

7. The Defendant's last known address is 822 6th Street, Wilson, Oklahoma. As noted below, it is apparent that the Defendant is indeed residing there…again. However,

mailing the Summons and Complaint by certified mail to this address has been unsuccessful.

8. Additionally, the Summons and Complaint have been provided to the Carter County Sheriff's Office for personal service on Defendant by the Sheriff. After three weeks, this effort has been unsuccessful.

9. Allstate hired a private process server, Terri Laflin, to personally serve the Defendant. Mr. Laflin was able to determine that the Defendant is apparently living at the 822 6th Street address, but he could not complete service. After his initial, but unsuccessful approach to the house, a pit bull dog was deliberately chained to the front door as a deterrent. Mr. Laflin was able to establish communication with the Defendant via social media. He informed her of the pending lawsuit and explained that he was trying to deliver the legal documents to her. The Defendant refused to meet Mr. Laflin, avoided service at the house and responded, "If one more person goes to any of my friends or family's home again you will be hearing from our attorney." Thereafter, the Defendant had no more contact of any kind Mr. Laflin. Needless to say, no lawyer has ever appeared on behalf of the Defendant.

10. Despite due diligence, service of Summons and Complaint upon Clover Meredith cannot be made by any method other than service by publication.

Further Affiant Saith Not.

K. Clark Phipps

STATE OF OKLAHOMA   )
                    ) ss.
COUNTY OF TULSA     )

Subscribed and sworn to before me this 9th day of February, 2023.

_____
Notary Public

My Commission Expires:

[Notary Seal: Notary Public, State of Oklahoma, MICHELLE A. COOK, TULSA COUNTY, COMMISSION #01017798, Comm. Exp. 11-09-2025]