IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-22-373-JAR |
| CLOVER MEREDITH | ) ) ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Plaintiff's Motion for Order Allowing Service by Publication (Docket Entry No. 11). With the Motion, Plaintiff asks the Court to permit service on Defendant Clover Meredith, by means of publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and 12 O.S. § 2004(C)(3).

Federal Rule of Civil Procedure 4(e)(1) permits, with certain exceptions, service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed.R.Civ.P 4(e)(1). In Oklahoma, service upon a defendant may be affected by publication "when it is stated in the petition, verified by the plaintiff or the plaintiff's attorney, or in a separate affidavit by the plaintiff or the plaintiff's attorney filed with the court, that with due diligence service cannot be made upon the defendant by any other method." 12 O.S. § 2004(C)(3)(a).

Plaintiff's Counsel, K. Clark Phipps, submitted an affidavit in conjunction with the Motion. The affidavit states that Plaintiff mailed the Summons and Complaint by certified

1

mail to Defendant's last known address, attempted to serve Defendant through the Carter County Sheriff's Office, and hired a licensed Process Server to personally serve Defendant, all to no avail.

The Court finds that Plaintiff has shown that it cannot, with due diligence, effect service on Defendant Clover Meredith, by any method other than publication. Accordingly, Plaintiff's Motion for Order Allowing Service by Publication (Docket Entry No. 11) is **GRANTED**.

**IT IS SO ORDERED** this 13th day of February, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE