IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER MEREDITH,<br><br>Defendant. | Case No. 22-CV-373-JFH |

## OPINION AND ORDER

Before the Court is a motion for default judgment ("Motion") filed by Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate"). Dkt. No. 16. Allstate requests the Court enter default judgment against Defendant Clover Meredith ("Meredith"). *Id.* Meredith has not appeared or participated in the case. For the reasons stated, the Motion is GRANTED.

## BACKGROUND

Because clerk's entry of default has been entered, the Court takes the factual allegations of the complaint and its exhibits as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

On July 3, 2022, Meredith submitted an application to Allstate for home insurance coverage on a manufactured mobile home. Three weeks later on July 21, 2022, the mobile home was destroyed in a fire. Meredith reported the fire to Allstate, which opened a claim and began an investigation. During the investigation, Meredith told Allstate during an interview that she did not live in the mobile home and there were no appliances or furniture in it. On-site investigation did not locate any remnants, debris, or physical evidence at the scene which would indicate that personal property was present inside the mobile home during the fire.

In August 2022, Meredith submitted a sworn statement and proof of loss to Allstate claiming damages totaling $190,000: an estimated $70,000 in personal property and an estimated $120,000 in value of the mobile home. In October 2022 during an examination under oath, Meredith reaffirmed her proof of loss, including her claimed estimated $70,000 in personal property. She also submitted a contents list to Allstate, which she later supplemented twice. The list after its supplementation included home furnishing items, home appliance items, and personal property items with total cost of approximately $58,000. All the items except a set of antique quilts were reported to have been purchased within one year of the fire. A fire consultant from Allstate's investigation confirmed that there was no physical evidence of the items listed at the fire scene and that detectable remnants (such as metal springs, wires, or textiles) would have been present had the items been in the residence at the time of the fire. Allstate requested Meredith provide documentation demonstrating the provenance of this personal property, such as purchase receipts or invoices or gift letters, but received no response from her.

During Allstate's claim investigation, it made advance payments to Meredith under a policy provision that allowed coverage for additional living expenses incurred as a result of a covered loss. Upon receipt of these payments, Meredith executed advance payment agreements

with a provision that she would repay all advances to Allstate if her policy or claim turned out not to be valid. In total, Meredith received $35,564.12 in advance payments. Dkt. No. 16-1.

Allstate's home insurance policy included a concealment and fraud provision stating:

> This entire policy shall be void if, whether before or after loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

The policy also required Meredith provide documentation if Allstate requested it. After Allstate received no response or documentation from Meredith, it filed this suit, requesting the Court enter declaratory judgment on whether Meredith's claims were "willfully false and falsely inflated so as to void coverage under the Policy altogether, thereby negating her right to recover any benefits under the Policy and requiring Defendant to return all proceeds Allstate has paid under the additional living expense provisions of the Policy." Dkt. No. 2 at 5.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.* Before granting a motion for default judgment, the Court must: (1) determine it has subject matter jurisdiction and personal jurisdiction over the parties, and (2) determine whether well-pleaded allegations of fact—which are admitted by the defendant upon default—

3

support a judgment on the claims against the defaulting defendant. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

## I.   Jurisdiction

### A.   Subject Matter and Personal Jurisdiction

The Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]effects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams*, 802 F.2d at 1202-03. *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

Federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). According to the complaint, the amount in controversy exceeds $75,000 because the insurance coverage at issue involved approximately $190,000 in real and personal property. Dkt. No. 2 at ¶¶ 7-8. Allstate is an Illinois corporation with principal place of business in Illinois. *Id.* at ¶ 1. Meredith is a resident and citizen of Oklahoma. *Id.* at ¶ 2. *See also* Dkt. No. 2-1 at 1 (listing address for Meredith in Healdton, Oklahoma), 3 (same), 6 (same); Dkt. No. 2-5 at 1 (listing address for Meredith in Wilson, Oklahoma). Subject matter jurisdiction is proper.

"In diversity cases, federal courts have in personam jurisdiction as permitted by state law, consistent with the Fourteenth Amendment's due process requirement." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). State courts possess general jurisdiction over defendants who are "'essentially at home' in the State." *Ford Motor Co. v.*

4

*Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).  Since Meredith resides in Oklahoma, she is "essentially at home" there, and the Court therefore has general jurisdiction over her.

### B. Declaratory Judgment Act

Allstate brought its case under the Declaratory Judgment Act.  Dkt. No. 2.  "The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'"  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).  In other words, a district court has discretion to withhold its exercise of jurisdiction over declaratory judgment actions.  *United States v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002).  "The nature of the relief requested by the plaintiff, not the jurisdictional basis of the suit, is the touchstone."  *Id.* at 1181.

Courts weigh five factors when considering whether to exercise jurisdiction in a declaratory action:  whether the action would settle the controversy; whether it would serve a useful purpose to clarify the legal relations at issue; whether it is being used for "procedural fencing" or strategically to obtain claim preclusion; whether it would increase friction between state and federal courts or improperly encroach on state jurisdiction; and whether there is an alternative better remedy.  *Mhoon*, 31 F.3d at 983; *Las Cruces*, 289 F.3d at 1183.

The first two factors weigh heavily in favor of the Court exercising jurisdiction. "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability.  Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic] such a forum.'"  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 789 (D. Kan. 1994) (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir.

1991)). "Courts have repeatedly endorsed district courts' exercise of jurisdiction under the Declaratory Judgment Act to resolve questions regarding insurance coverage." *Id.* (collecting cases). Nothing in the record raises a concern about the latter three factors. The Court therefore exercises its discretion to maintain jurisdiction over the suit.

## II.   Rule 55

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment. First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Allstate obtained a clerk's entry of default in May 2023. Dkt. No. 14.

Next, generally the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for the judgment entered. *Olcott*, 327 F.3d at 1124; *Bixler*, 596 F.3d at 762. This is generally interpreted to mean that the well-pled facts of the complaint, if taken as true, must state a claim for relief. 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.). "A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

Here, the complaint establishes that a fire destroyed the insured residence and investigation after the fire found no evidence of personal property or belongings within the residence at the time of the fire. Meredith also told Allstate during an interview that she did not live in the structure and there were no appliances or furniture in it. However, after this initial statement, she submitted a sworn statement, proof of loss form, and contents list claiming she had between $58,000 and

$70,000 in personal property in the residence. Allstate's investigation confirmed that there was no physical evidence of the items listed at the fire scene and that evidence would have been present had the items been in the residence at the time of the fire. Allstate also requested, but never received, documentation demonstrating the origin of personal property. While Allstate conducted this investigation, it paid out $35,564.12 to Meredith in advance payments. Dkt. No. 16-1.

The fire policy attached to the complaint states:

> This entire policy shall be void if, whether fraud, before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Dkt. No. 2-1 at 33. The policy further required Meredith to provide documentation when Allstate requested it. *Id.* at 19. Additionally, Meredith signed advance payment agreements agreeing to return any advance payments if either the policy or claim was not valid. Dkt. No. 2-4; Dkt. No. 16-1. Taking these allegations as true, and considering the facts alleged together with exhibits to Allstate's complaint and Motion, the Court finds that the complaint states a claim for the declaratory relief Allstate requests: a declaration that its policy is void under the circumstances and a declaration that Meredith must repay the $35,564.12 in advance payments she received under the policy. Since the amount claimed is a sum certain, judgment will be entered without a hearing.

## CONCLUSION

IT IS THEREFORE ORDERED that Allstate's motion [Dkt. No. 17] is GRANTED. DEFAULT JUDGMENT against Defendant Clover Meredith will be entered in the amount of $35,564.12.

Dated this 17th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE